[Cite as *State v. Jones*, 2015-Ohio-4998.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-1050 |
| v. | : | (C.P.C. No. 14CR-1385) |
| Delshjaun Jones, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 3, 2015

*Ron O'Brien,* Prosecuting Attorney, and *Laura R. Swisher,* for appellee.

*Yeura R. Venters,* Public Defender, and *David L. Strait,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Delshjaun Jones is appealing from his conviction for felonious assault following a plea of "no contest." He assigns three errors for our consideration:

> [I.] The trial court erred when it overruled defendant's Motion to Suppress Identification.
>
> [II.] The trial court erred when it overruled the defendant's Motion to Suppress Statements.
>
> [III.] The trial court abused its discretion when it submitted a judgment entry that did not accurately reflect what occurred at the plea hearing.

{¶ 2} The parties agree that the judgment entry signed by the trial court judge is incorrect when it states that Delshjaun Jones was convicted following a guilty plea. As a

result, we sustain the third assignment of error and vacate the judgment entry. We remand the case for the trial court to journalize a nunc pro tunc entry which reflects that Jones was found guilty following a plea of "no contest."

{¶ 3} The trial court in a separate entry overruled a motion to suppress identification and a motion to suppress statements. The motions were overruled following an evidentiary hearing, which revealed that someone stabbed or slashed Samuel Lacy, seriously injuring Lacy's face. Lacy felt he knew the identity of his assailant, a young man called "Deli" who came into the Schrock Tavern where Lacy worked. Columbus police officers who investigated the assault concluded that the assailant was Delshjaun Jones and prepared a photo array.

{¶ 4} Police also found and interviewed Jones. Jones executed a standard rights waiver. Jones indicated that he had taken Percocet and downed about a half liter of vodka prior to being asked to waive his various rights. Jones indicated that he understood his rights and was willing to speak to police without the benefit of counsel and without invoking his right to remain silent before starting the interview. However, part way through the interview, Jones indicated a reticence to talk. The officer questioning Jones continued asking questions anyway.

{¶ 5} A different police officer was involved in transporting Jones from the after hours place where Jones was arrested to police headquarters for questioning. This officer, Officer Mrsnik, testified that while on the way to police headquarters and in reference to no questions, Jones said "All this for a fight," or words to that effect.

{¶ 6} The words uttered by Jones during his time in the cruiser while being transported were clearly uttered voluntarily and therefore were admissible against him had the case proceeded to a trial. The trial court judge was correct to overrule the motion to suppress statements with respect to those words.

{¶ 7} The admissibility of all or part of the interview of Jones at police headquarters is more problematic, especially the parts of the interview which followed what could be construed as an attempt by Jones to invoke his right to remain silent. That interview was recorded in its entirety and the recording is in the record before us on appeal. At the beginning of the CD, Jones indicates that he had had a liter or a half liter of vodka within the last 12 to 24 hours. He also acknowledges having one or more 15mg

tablets of Percocet. Yet, he speaks coherently, if relatively slowly, throughout the interview. Given the demeanor of Jones displayed in the CD the trial court could reasonably conclude that Jones began the interview with a knowing, intelligent and voluntary waiver of his Fifth Amendment rights.

{¶ 8} The rights waiver reviewed with Jones indicated that Jones could stop answering questions at any time. This leads to the second inquiry, namely whether or not Jones invoked his right to stop answering questions part way through the interview.

{¶ 9} Once Jones was informed that he had already been charged with felonious assault and that he was going to jail, his demeanor changed. He acknowledged that he had had a fight with his brother earlier in the evening, but became reticent to talk about his encounter with Samuel Lacy. Still, he acknowledged being at Schrock Tavern and having an encounter with security personnel at the tavern.

{¶ 10} Being reticent to talk to police is not the same as invoking the right to remain silent. Jones seemed to want to stop the interview but never stopped answering questions. His desire to end the interview was never clearly communicated such that the trial court could find that Jones had invoked his right to remain silent. We cannot say the trial court erred in allowing the entire interview to be construed as being admissible had there been a trial.

{¶ 11} The second assignment of error regarding the suppression of the statements made at police headquarters is overruled and during the transporting is overruled.

{¶ 12} The remaining issue is whether the identification of Jones as the assailant by Samuel Lacy should have been suppressed as evidence. The CD of the interview of Lacy by police detectives and of the presentation of the photo array to Lacy for him to identify his assailant is consistent with the trial court's overruling of the motion to suppress. Lacy was clearly certain that he knew his assailant from the assailant's frequent visits to the Schrock Tavern. Lacy recognized the nickname "Deli" as applying to his assailant.

{¶ 13} Lacy identified two photos of the six in the array as pertinent to the investigation. The photo in the slot marked "6" he identified as being a friend of the assailant. The photo in the slot number "4" he identified as being a photo of the assailant.

The procedure was not suggestive and therefore has not the basis for suppressing the identification testimony had this been a trial.

{¶ 14} The first assignment of error is overruled.

{¶ 15} In review, the first and second assignments of error are overruled. The third assignment of error is sustained, as indicated earlier. The ruling of the Franklin County Court of Common Pleas as to the motions to suppress is affirmed. The judgment entry indicating that a guilty plea was entered is vacated and the case is remanded for the trial court to enter a nunc pro tunc entry indicating Delshjaun Jones was found guilty following a no contest plea.

*Judgment affirmed in part, reversed in part; case remanded with instructions.*

TYACK and LUPER SCHUSTER, JJ., concur.

—————————————